D. Maimon Kirschenbaum
Denise A. Schulman
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA*
*Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

**ALEX LEYBA, on behalf of himself and**
**others similarly situated,**

        **Plaintiff,**

        **v.**

**DO&CO NEW YORK CATERING, INC.,**

        **Defendant.**
-------------------------------------------------------x

Case No:

**COMPLAINT**

**FLSA COLLECTIVE ACTION**
**AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

1.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.    Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.     Defendant Do&Co New York Catering, Inc. ("Defendant" or "Do&Co") is a New York corporation.  Do&Co is an international food service company that, *inter alia*, provides catering services to airlines.

4.     Do&Co has an annual gross volume of sales in excess of $500,000.

5.     Do&Co has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

6.     Plaintiff Alex Leyba was employed by Do&Co from 2008 to January 2025.  From approximately 2018 to the end of his employment, Plaintiff's position was duty manager.

## FLSA COLLECTIVE ACTION ALLEGATIONS

7.     Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all New York duty managers employed by Defendant on or after the date that is three years before the filing of the Complaint in this case ("FLSA Collective Plaintiffs").

8.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime.   The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

9.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective

Plaintiffs are readily ascertainable.  For the purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendant.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

10.     Plaintiff brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all New York duty managers employed by Defendant on or after the date that is six years before the filing of the Complaint in this case (the "Class Period").

11.     All said persons, including Plaintiff, are referred to herein as the "Class."  The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendant.  The hours assigned and worked and the rates of pay for each Class Member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.  Notice can be provided by means permissible under said F.R.C.P. 23.

12.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

13.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class Members were subject to the same corporate

practices of Defendant, as alleged herein, of failing to pay overtime compensation and failing to provide required wage statements.  Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member.  Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

14.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

15.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual Class Members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or

varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

16.    Upon information and belief, Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

17.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

a)    Whether Defendant employed Plaintiff and the Class Members within the meaning of New York law.

b)    Whether Defendant unlawfully failed to pay Plaintiff and the Class Members an overtime premium for their overtime hours worked.

c)    Whether Defendants provided Plaintiff and Class Members with the proper wage statements.

## FACTS

18.    Plaintiff's Consent to Sue form is attached as Exhibit A.

19.    Plaintiff worked for Defendant in Jamaica, New York.

20. Defendant provides catering services to various airlines at JFK Airport in Jamaica, New York.

21. As duty manager, Plaintiff was responsible for ensuring that the correct food, beverages, and other supplies were provided to certain flights. Plaintiff typically had this responsibility for three flights per workday.

22. Plaintiff did not interview, hire, fire, or promote other employees, and he did not make recommendations regarding hiring, firing, or promotions.

23. Plaintiff almost always worked at least 50 hours a week, and often more than that.

24. Specifically, Plaintiff worked five days per week. Although Plaintiff was scheduled for shifts lasting 8.5 to 9.5 hours, he almost always had to work later than the scheduled end of his shifts. As a result, Plaintiff worked 10 or more hours per shift.

25. Defendant did not pay Plaintiff an overtime premium for his overtime hours worked. Instead, Defendant paid Plaintiff a weekly salary.

26. Defendant did not provide Plaintiff with wage statements that listed his actual regular and overtime hours worked or his overtime rate. Instead, the wage statements that Defendant gave Plaintiff when he was a duty manager listed his weekly hours as 40 (or biweekly hours as 80 when he was paid on a biweekly basis) and his rate of pay as his weekly (or biweekly) salary.

27. Defendant's failure to properly list Plaintiff's regular and overtime hours worked and overtime rate of pay directly caused Plaintiff to be underpaid, as he was paid the amount on his wage statements.

28.     Defendant's failure to list Plaintiff's overtime hours worked and overtime rate on his wage statements also hid both Defendant's overtime violations and the fact that Plaintiff was in fact entitled to be paid an overtime premium.

29.     In addition, both during his employment and now, Defendant's failure to list Plaintiff's actual hours worked on his wage statements has hindered his ability to establish the precise number of overtime hours that he worked and recover his unpaid wages.

30.     Defendant knew that failing to pay Plaintiff, the FLSA Collective Plaintiffs, and the Class Members proper overtime compensation would economically injure Plaintiff, the FLSA Collective Plaintiffs, and the Class Members and violated federal and state laws.

31.     Defendant committed the foregoing acts against Plaintiff, the FLSA Collective Plaintiffs, and the Class Members.

### FIRST CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.*)**
**(Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

32.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

33.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

34.     At all relevant times, Defendant has employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

35.     Throughout the statute of limitations period covered by these claims, Defendant willfully failed to pay overtime compensation to Plaintiff and the FLSA Collective Plaintiffs.

36.    Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (New York Overtime Violations, 12 NYCRR §§ 142-2.2, 146-1.4)
### (Brought By Plaintiff on Behalf of Himself and the Class)

37.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

38.    Throughout the Class Period, Defendant willfully, regularly, and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

39.    As a result of Defendant's willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF
### (New York Wage Statement Violations, N.Y. Lab. L. §§ 195, 198)
### (Brought by Plaintiff on Behalf of Himself and the Class)

40.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

41.    Defendant did not provide Plaintiff and the members of the Class with the wage statements required by N.Y. Lab. Law § 195.

42.    As a result of Defendant's unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, and costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A.    Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.    Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C.    Designation of this action as a class action pursuant to F.R.C.P. 23.

D.    Designation of Plaintiff as Representative of the Class.

E.    An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

F.    Penalties available under applicable laws;

G.    Costs of action incurred herein, including expert fees;

H.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

I.    Pre-judgment and post-judgment interest, as provided by law; and

J.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York                Respectfully submitted,
        February 28, 2025
                                          JOSEPH & KIRSCHENBAUM LLP


                                          By: /s/ D. Maimon Kirschenbaum
                                              D. Maimon Kirschenbaum
                                              Denise A. Schulman
                                              32 Broadway, Suite 601
                                              New York, NY 10004
                                              Tel: (212) 688-5640
                                              Fax: (212) 981-9587

                                          *Attorneys for Named Plaintiff, proposed
                                          FLSA Collective Plaintiffs, and proposed
                                          Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.