D. Maimon Kirschenbaum
Denise A. Schulman
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

**ALEX LEYBA,**                                    **Case No. 25 CV 1146**

      **Plaintiff,**                           **AMENDED COMPLAINT**

      **v.**

      **DEMAND FOR JURY TRIAL**

**DO&CO NEW YORK CATERING, INC.,**

      **Defendant.**
-------------------------------------------------------x

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.    Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.      Defendant Do&Co New York Catering, Inc. ("Defendant" or "Do&Co") is a New York corporation.  Do&Co is an international food service company that, *inter alia*, provides catering services to airlines.

4.      Do&Co has an annual gross volume of sales in excess of $500,000.

5.      Do&Co has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

6.      Plaintiff Alex Leyba was employed by Do&Co from 2008 to January 2025.  From approximately 2018 to the end of his employment, Plaintiff's position was duty manager.

## FACTS

7.      Plaintiff worked for Defendant in Jamaica, New York.

8.      Defendant provides catering services to various airlines at JFK Airport in Jamaica, New York.

9.      As duty manager, Plaintiff was responsible for ensuring that the correct food, beverages, and other supplies were provided to certain flights.  Plaintiff typically had this responsibility for three flights per workday.

10.     Plaintiff did not interview, hire, fire, or promote other employees, and he did not make recommendations regarding hiring, firing, or promotions.

11.     Plaintiff almost always worked at least 50 hours a week, and often more than that.

12.     Specifically, Plaintiff worked five days per week.  Although Plaintiff was scheduled for shifts lasting 8.5 to 9.5 hours, he almost always had to work later than the scheduled end of his shifts.  As a result, Plaintiff worked 10 or more hours per shift.

13.    Defendant did not pay Plaintiff an overtime premium for his overtime hours worked.  Instead, Defendant paid Plaintiff a weekly salary.

14.    Defendant did not provide Plaintiff with wage statements that listed his actual regular and overtime hours worked or his overtime rate.  Instead, the wage statements that Defendant gave Plaintiff when he was a duty manager listed his weekly hours as 40 (or biweekly hours as 80 when he was paid on a biweekly basis) and his rate of pay as his weekly (or biweekly) salary.

15.    Defendant's failure to properly list Plaintiff's regular and overtime hours worked and overtime rate of pay directly caused Plaintiff to be underpaid, as he was paid the amount on his wage statements.

16.    Defendant's failure to list Plaintiff's overtime hours worked and overtime rate on his wage statements also hid both Defendant's overtime violations and the fact that Plaintiff was in fact entitled to be paid an overtime premium.

17.    In addition, both during his employment and now, Defendant's failure to list Plaintiff's actual hours worked on his wage statements has hindered his ability to establish the precise number of overtime hours that he worked and recover his unpaid wages.

18.    Defendant knew that failing to pay Plaintiff proper overtime compensation would economically injure Plaintiff and violated federal and state laws.

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.*)**

19.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

20.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

21.     At all relevant times, Defendant has employed, "employee[s]," including Plaintiff.

22.     Throughout the statute of limitations period covered by these claims, Defendant willfully failed to pay overtime compensation to Plaintiff.

23.     Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (New York Overtime Violations, 12 NYCRR §§ 142-2.2, 146-1.4)

24.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

25.     Throughout the Class Period, Defendant willfully, regularly, and repeatedly failed to pay Plaintiff at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

26.     As a result of Defendant's willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF
### (New York Wage Statement Violations, N.Y. Lab. L. §§ 195, 198)

27.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

28.     Defendant did not provide Plaintiff with the wage statements required by N.Y. Lab. Law § 195.

29.    As a result of Defendant's unlawful conduct, Plaintiff is entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, and costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A.    An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

B.    Penalties available under applicable laws;

C.    Costs of action incurred herein, including expert fees;

D.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

E.    Pre-judgment and post-judgment interest, as provided by law; and

F.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
      May 15, 2025

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP


By: /s/ Denise A. Schulman
    D. Maimon Kirschenbaum
    Denise A. Schulman
    32 Broadway, Suite 601
    New York, NY 10004
    Tel: (212) 688-5640
    Fax: (212) 981-9587

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.