**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ALEX LEYBA,

        Plaintiff,

        v.

DO&CO NEW YORK CATERING, INC.

        Defendant.

Case No.: 1:25-cv-01146-PK

**ANSWER AND DEFENSES TO AMENDED COMPLAINT**

      Defendant DO&CO New York Catering, Inc., ("DO&CO" or "Defendant"), by and through their undersigned counsel, hereby provide their answer and affirmative defenses to Plaintiff Alex Leyba ("Plaintiff")'s Amended Complaint and states as follows:

## AS TO "JURISDICTION AND VENUE"

      1.    Paragraph 1 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations therein, except admits that the Plaintiff purports to invoke jurisdiction as stated therein.

      2.    Paragraph 2 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations therein, except admits that the Plaintiff purports to invoke venue as stated therein.

## AS TO "THE PARTIES"

      3.    Defendant denies the allegations in paragraph 3 of the Amended Complaint. Defendant is a Delaware corporation that is authorized to conduct business in New York.

      4.    Defendant admits the allegations in paragraph 4 of the Amended Complaint.

5. Paragraph 5 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations therein.

6. Defendant admits that Plaintiff was employed by Defendant and that his position was Duty Manager. As to the remainder of Paragraph 6 of the Amended Complaint, they are denied.

## AS TO "FACTS"

7. Defendant admits the allegations in paragraph 7 of the Amended Complaint.

8. Defendant admits the allegations in paragraph 8 of the Amended Complaint.

9. Defendant admits that some of Plaintiff's duties as Duty Manager was to ensure that correct food, beverages, and other supplies were provided on flights. As to the remainder of the allegations in paragraph 9 of the Amended Complaint, the are denied.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11.

12. Defendant admits that Plaintiff was scheduled to work five days per week. As to the remainder of the allegations in paragraph 12 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted.

13. Defendant admits the allegation in paragraph 13 of the Amended Complaint that he was paid on a salary basis. The remainder of the allegations of paragraph 13 of the Amended Complaint are denied.

14. Defendant admits the allegations in paragraph 14 of the Amended Complaint that he was paid on a weekly or biweekly salary. The remainder of the allegations of paragraph 14 of the Amended Complaint are denied, and states that the referenced documentation speaks for itself.

15. Defendant denies the allegations in paragraph 15 of the Amended Complaint.

16. Defendant denies the allegations in paragraph 16 of the Amended Complaint.

17. Defendant denies the allegations in paragraph 17 of the Amended Complaint.

18. Defendant denies the allegations in paragraph 18 of the Amended Complaint.

## AS TO "FIRST CLAIM FOR RELIEF"
(Alleged "FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.*")

19. Defendant repeats and reiterates its responses in all prior paragraphs as if fully stated herein.

20. Paragraph 20 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

21. Paragraph 21 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

22. Defendant denies the allegations in paragraph 22 of the Amended Complaint.

23. Paragraph 23 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations therein, and further denies that Plaintiff is entitled to any of the relief sought therein.

## AS TO "SECOND CLAIM FOR RELIEF"
(Alleged "New York Overtime Violations, 12 NYCRR §§ 142-2.2, 146-1.4")

24. Defendant repeats and reiterates its responses in all prior paragraphs as if fully stated herein.

25. Defendant denies the allegations in paragraph 25 of the Amended Complaint, states that "the Class Period" is undefined in the Amended Complaint, and further states that the parties

stipulated that the Amended Complaint would not include, and Plaintiff would not assert, any "class and collective allegations". *See* ECF No. [14].

26. Paragraph 26 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations therein, and further denies that Plaintiff is entitled to any of the relief sought therein.

## AS TO "THIRD CLAIM FOR RELIEF"
**(Alleged "New York Wage Statement Violations, N.Y. Lab. L. §§ 195, 198")**

27. Defendant repeats and reiterates its responses in all prior paragraphs as if fully stated herein.

28. Defendant denies the allegations in paragraph 28 of the Amended Complaint.

29. Paragraph 29 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations therein, and further denies that Plaintiff is entitled to any of the relief sought therein.

## AS TO "PRAYER FOR RELIEF"

Defendant denies the allegations contained in the unnumbered paragraph asserting a prayer for relief, and all of its subparagraphs, and further denies that Plaintiff is entitled to any of the relief requested therein or any other relief.

## AS TO "DEMAND FOR TRIAL BY JURY"

Defendant admits that Plaintiff demands a trial by jury on all questions of fact raised by the Amended Complaint.

## DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belong to Plaintiff. Defendant reserves the right to amend its answer and to assert any additional defenses as may become available or apparent during this litigation.

### AS AND FOR A FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

The Court should decline subject matter jurisdiction, whether original, pendent, or supplemental jurisdiction, over Plaintiff's non-federal claims and, consequently, should dismiss Plaintiffs' non-federal claims for lack of subject matter jurisdiction.

### AS AND FOR A THIRD DEFENSE

Plaintiff is barred from recovering based on equitable doctrines, including, without limitation, laches, unclean hands, waiver, and/or estoppel, and prior administrative proceedings.

### AS AND FOR A FOURTH DEFENSE

Plaintiff's claims are barred because Defendant at all times acted in good faith, and all actions taken with regard to Plaintiff were taken for lawful business reasons.

### AS AND FOR A FIFTH DEFENSE

Defendant has acted in good faith and has not violated any rights that may be secured to Plaintiff under any federal, state, or local laws, rules, regulations, or guidelines.

### AS AND FOR A SIXTH DEFENSE

Defendant has met and satisfied any and all obligations to Plaintiff to the extent any exist, and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

### AS AND FOR A SEVENTH DEFENSE

Plaintiff has failed to mitigate or otherwise act to avoid, lessen, or reduce any of the damages, injury or harm of which Plaintiff now complains.

### AS AND FOR AN EIGHTH DEFENSE

Plaintiff's own conduct caused, in whole or in part, whatever damages Plaintiff may have suffered.

### AS AND FOR A NINTH DEFENSE

Plaintiff's claims are barred because recovery of cumulative liquidated damages under both FLSA and NYLL is not allowed under applicable law.

### AS AND FOR A TENTH DEFENSE

Any and all damages alleged were not "willful" under the NYLL.

### AS AND FOR AN ELEVENTH DEFENSE

Any and all damages alleged were not "willful" under the FLSA.

### AS AND FOR A TWELVE DEFENSE

Plaintiff is not entitled to relief because Plaintiff was at all relevant times properly paid for all hours worked.

### AS AND FOR A THIRTEENTH DEFENSE

The Amended Complaint is barred, in whole or in part, because Plaintiff was paid all sums which may have been due to Plaintiff, if any, under the applicable laws and their corresponding regulations.

### AS AND FOR A FOURTEENTH DEFENSE

Plaintiff is not entitled to relief because Defendant was not engaged in "interstate commerce."

**AS AND FOR A FIFTEENTH DEFENSE**

Plaintiff is not entitled to relief because Defendant was not engaged in the production of goods for commerce.

**AS AND FOR A SIXTEENTH DEFENSE**

Plaintiff's claims should be dismissed to the extent that they are barred by the applicable statute(s) of limitations.

**AS AND FOR A SEVENTEENTH DEFENSE**

Plaintiff's claims should be dismissed to the extent that Plaintiff failed to exhaust administrative remedies.

**AS AND FOR AN EIGHTEENTH DEFENSE**

The claims for pre-judgment interest under the NYLL are preempted by the remedies provided by the FLSA.

**AS AND FOR A NINETEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendant was not the cause of Plaintiff's purported damages, and not a proper party to this lawsuit or liable for the claims alleged by Plaintiff.

**AS AND FOR AN TWENTIETH DEFENSE**

Defendant does not owe any wages to Plaintiff.

**AS AND FOR A TWENTY-FIRST DEFENSE**

Plaintiff was properly classified as an exempt employee under the FLSA.

**AS AND FOR A TWENTY-SECOND DEFENSE**

Plaintiff was probably classified as an exempt employee under the NYLL.

## AS AND FOR A TWENTY-THIRD DEFENSE

At all times herein, Defendant used good faith in calculating Plaintiff's compensation.

## AS AND FOR A TWENTY-FOURTH DEFENSE

Plaintiff is not entitled to punitive damages insofar as Plaintiff cannot demonstrate malice or reckless indifference, nor can he impute liability for punitive damages to Defendant because of Defendant's good faith efforts to comply with federal, state and local law.

## AS AND FOR A TWENTY-FIFTH DEFENSE

Although Defendant denies that it owes any unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, Plaintiff is not entitled to liquidated damages because Defendant's actions with respect to the method of paying Plaintiff were taken in good faith.

## AS AND FOR A TWENTY-SIXTH DEFENSE

Plaintiff agreed by stipulation not to assert class action or collective action claims in this action, and not to move for class certification in this action. *See* ECF No. [14].

## RESERVATION OF RIGHTS

Defendant reserves its right to add, amend and/or supplement this Answer to assert those defenses which they deem necessary to their defense during or upon the conclusion of investigation and discovery.

## DEFENDANT' RELIEF REQUESTED

**WHEREFORE**, Defendant denies that Plaintiff is entitled to any relief and request that:

A. Plaintiff's Complaint be dismissed with prejudice in its entirety;

B. Judgment be entered in Defendant's favor;

C. Defendant be awarded its costs and attorneys' fees for being forced to defend itself against Plaintiff's claims; and,

D. The Court award Defendant such other relief as it deems just and equitable.

**WHEREFORE,** Defendant respectfully requests that this Court enter judgment in its favor, dismiss the Amended Complaint with prejudice, award Defendant its costs, attorney's fees and expenses, and grant such other relief as this Court deems proper.

Dated: New York, New York
       May 21, 2025

Respectfully submitted,

**FORDHARRISON LLP**

By: */s/ Johanna G. Zelman*
Johanna G. Zelman, Esq.
CityPlace II
185 Asylum Street, Suite 820
Hartford, CT 06103
Telephone: 860-740-1355
Facsimile: 860-578-2075
jzelman@fordharrison.com

Richard Bahrenburg, Esq.
366 Madison Avenue, 7th Floor
New York, NY 10017
Telephone: 212-453-5900
Facsimile: 212-453-5959
rbahrenburg@fordharrison.com

Steven Balken, Esq.
366 Madison Avenue, 7th Floor
New York, NY 10017
Telephone: 212-453-5900
Fax: 212-453-5959
sbalken@fordharrison.com

*Attorneys for Defendant*
*DO&CO New York Catering, Inc.*

TO: (*VIA ECF*)

    D. Maimon Kirschenbaum, Esq.
    Denise A. Schulman, Esq.
    JOSEPH & KIRSCHENBAUM LLP
    32 Broadway, Suite 601
    New York, New York 10004
    Tel: (212) 688-5640
    E-mail: maimon@jk-llp.com
           denise@jk-llp.com

    *Attorneys for Plaintiff*