JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 45 Broadway, Suite 320 |
| D. Maimon Kirschenbaum | New York, NY 10006 |
| Denise Schulman | Tel: 212-688-5640 |
| Josef Nussbaum | Fax: 212-981-9587 |
| Lucas Buzzard | www.jk-llp.com |
| Leah Seliger | |
| Michael DiGiulio | |

December 22, 2025

**VIA ECF**

Hon. Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    Leyba v. Do&Co New York Catering, Inc.
                No 25 CV 1146

Dear Judge Kuo:

      We represent the Plaintiff in the above Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action. I write to respectfully request that the Court approve the parties' settlement agreement pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). The parties' executed settlement agreement is submitted herewith as Exhibit 1 ("Agreement").

    **I.**    **Background**

      Defendant is an international food service company that, *inter alia*, provides catering services to airlines. Plaintiff worked for Defendant from 2008 to January 2025. From 2018 to the end of his employment, Plaintiff's job was duty manager. As duty manager, Plaintiff was responsible for ensuring that the correct food, beverages, and other supplies were provided to certain flights. Defendant paid Plaintiff a salary as a duty manager, with no additional compensation for overtime. Plaintiff alleges that he usually worked at least 50 hours per week, and that Defendant violated the FLSA and NYLL by failing to pay him an overtime premium for his overtime hours. Plaintiff also alleges that Defendant violated N.Y. Lab. L. § 195(3) by failing to list his actual hours worked on his paystubs. Defendant maintains that as duty manager, Plaintiff was an exempt executive employee who was not entitled to additional overtime compensation.

      The parties exchanged pre-mediation discovery as ordered by the Court and attended a Court-annexed mediation with mediator Patrick McKenna on November 13, 2025. At the end of the mediation, Mr. McKenna made a mediator's proposal of $93,000, which both parties subsequently accepted.

1

II.     **The settlement is fair and reasonable and should be approved**

To determine whether an FLSA settlement is fair and reasonable, courts consider "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted). Applying these factors, the settlement should be approved.

The value of Plaintiff's claims varies dramatically depending on whether or not the fluctuating workweek method of calculating unpaid overtime applies. Under the fluctuating workweek method, Plaintiff's weekly salary would be divided by his actual hours worked to determine his regular rate, and then any unpaid overtime would be calculated by multiplying half of his regular rate by the number of overtime hours. *See* 29 C.F.R. § 778.114; *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942). Under this method of calculation, Plaintiff's maximum unpaid overtime compensation, based on an average of 55 hours worked per week, would be $47,042.05 for the entire NYLL staututory period.[1] If the fluctuating workweek did not apply, Plaintiff's weekly salary would be divided by 40 hours to determine his regular rate, and any unpaid overtime would be calculated by multiplying one and a half time his regular rate by the number of overtime hours. Under the non-fluctuating workweek method of calculation, Plaintiff's maximum unpaid overtime compensation, based on an average of 55 hours worked per week, would be $194,048.44 for the entire NYLL statutory period. Plaintiff could also recover liquidated damages equal to the amount of his unpaid overtime compensation and $5,000 in penalties for violatons of N.Y. Lab. L. § 195(3).

Plaintiff faced substantial risks in establishing liability. The parties dispute whether or not Plaintiff was an exempt employee under the FLSA and New York law. Defendant maintains that the executive exemption applied to him. The executive exemption applies to employees who are paid the requisite salary; "[w]hose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; . . . [w]ho customarily and regularly directs the work of two or more other employees; and . . .[w]ho has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100(a). The primary factual dispute relevant to this exemption is whether Plaintiff had the authority to hire or fire employees or make suggestions as to hiring, firing, advancement, or promotion that were given particular weight. If Defendant prevailed in establishing Plaintiff's exempt status, he would recover nothing. In addition, the parties dispute whether Plaintiff has standing to maintain his N.Y. Lab. L. § 195 claims in federal court. *See Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300 (2d Cir. 2024).

Even if Plaintiff established liability, he would face two major challenges in attaining the maximum recovery described above. First, because Defendant did not maintain complete time records for Plaintiff as a duty manager, he would have to establish his hours worked based largely

---

[1] The NYLL statute of limitations is six years. N.Y. Lab. L. § 663(1). The FLSA statute of limitations is two or three years. 29 U.S.C. § 216(b).

2

on testimony, which is riskier than using documentary evidence. Second, if the fluctuating workweek method of calculation applied, Plaintiff's maximum recovery, including liquidated damages and penalties, would be approximately $99,000. The fluctuating workweek applies where, among other things, there is a clear and mutual understanding that a fixed salary is compensation for all hours worked. *See Klein v. Torrey Point Group, LLC*, 979 F. Supp. 2d 417, 439 (S.D.N.Y. 2013). Here, there is a dispute about whether such an understanding existed. Plaintff contends that he was never told how many hours his salary covered. On the other hand, Defendant provided him with a wage notice titled, "Notice for Employees Paid Salary for Varying Hours, Day Rate, Piece Rate, Flat Rate or Other Non-Hourly Pay," which Defendant would point to as evidence that Plaintiff's salary was intended to compensate him for all hours worked. Accordingly, the settlement amount is reasonable in light of litigation risks and the anticipated burdens of litigation.

This settlement was reached via mediation through the Court's mediation program. Thus, negotiations were conducted at arms'-length and were free of fraud and collusion. The non-monetary terms of the settlement are also reasonable. The release of claims is limited to wage and hour claims. *See Shkolir v. Rx2Go, Inc.*, No. 23 CV 7256, 2025 U.S. Dist. LEXIS 151606, at *1 (E.D.N.Y. Aug. 6, 2025) (Kuo, J.). The non-disparagement clause is mutual, provides Plaintiff with a neutral reference, and permits Plaintiff to make truthful statements. Courts regularly find that such clauses are permissible in FLSA settlements. *E.g.*, *Rodriguez v. Pocesta*, No. 22 CV 3548, 2023 U.S. Dist. LEXIS 245967 (E.D.N.Y. July 11, 2023); *Diaz v. Pizza Napolitana*, No. 19 CV 4911, 2020 U.S. Dist. LEXIS 229531, at *8-9 (E.D.N.Y. Dec. 4, 2020).

Finally, Plaintiff's attorneys' fees are reasonable and not excessive. Plaintiff's counsel will receive $31,705 from the settlement, which consists of $705 in costs and $31,000 – or one-third of the total settlement amount – as a fee. The actual costs paid by counsel in this action total $705: $405 filing fee and $300 for mediation. Plaintiff's counsel's share of the settlement is consistent with the terms of the retainer agreement signed by Plaintiff. The "percentage of the settlement amount" method for determining a reasonable fee is "appropriate and commonly applied in FLSA cases" in this Circuit. *Velasquez v. Digital Page, Inc.*, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016); *accord Fang Xiao v. Grand Sicuan Int'l St Marks, Inc.*, No. 14 CV 9063, 2016 U.S. Dist. LEXIS 99669, at *6-7 (S.D.N.Y. July 29, 2016) (applying the percentage of the fund method); *see also McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010) (observing that "the trend in this Circuit is toward the percentage of the fund method"). Using this method, "[c]ontingency fees of one-third in FLSA cases are routinely approved in this Circuit.[]" *Quispe v. Stone & Tile Inc.*, 583 F. Supp. 3d 372, 380 (E.D.N.Y. 2022); *see also Torres v. Gristede's Operating Corp.*, 519 F. App'x 1, 5 (2d Cir. 2013) (characterizing one-third as the "standard contingency-fee level[]" in FLSA case); *Zeng Xiang Hiang v. Ai Chu Chiang*, No. 16 CV 1129, 2016 U.S. Dist. LEXIS 142670, at *7 (S.D.N.Y. Oct. 14, 2016).

Plaintiff's counsel's fee is reasonable not only in light of the retainer agreement but also in light of Plaintiff's counsel's experience and work on the case. Plaintiff's counsel are highly experienced in representing employees in wage and hour actions. Joseph & Kirschenbaum LLP ("JK") is a law firm dealing almost exclusively with employees' rights. Specifically, the firm represents employees in wage/hour and employment discrimination matters. The two attorney

3

billers in this case are D. Maimon Kirschenbaum and Denise Schulman (the undersigned).[2]  Mr. Kirschenbaum graduated from Fordham University School of Law in 2005 and has worked at JK ever since.  He has litigated wage and hour cases – both class actions and individual cases – since he was admitted as an attorney in 2006, and he became a member/partner of the firm in May 2007.  I graduated from NYU School of Law in 2008 and joined JK in January 2009.  I have litigated class action and individual wage and hour cases since I was admitted as an attorney in 2009, and I became a partner at the firm in February 2017.  Judges have recognized Mr. Kirschenbaum's and my skill in litigating wage and hour actions.  *E.g.*, *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13 CV 5008, at 20:1-3 (S.D.N.Y. Dec. 22, 2015) (stating, "I think Mr. Kirschenbaum and Ms. Schulman and their firm are the best in breed – of firms doing this kind of work") (Ex. 2 at 20:1-3).

While JK primarily works on a contingency basis and thus is not generally paid on an hourly basis, courts in this Circuit have awarded fees to Mr. Kirschenbaum and myself at a rate of $500 per hour.  *E.g.*, *Martinenko v. 212 Steakhouse, Inc.*, No. 22 CV 518, 2024 U.S. Dist. LEXIS 231925, at *9-10 (S.D.N.Y. Dec. 23, 2024).  Courts in this Circuit have also approved a rate of $125 for the work of our firm's support staff.  *E.g.*, *id.*  These rates are consistent with those deemed reasonable for partners and paralegals in this District.  *See Rubin v. HSBC Bank USA, N.A.*, No. 20 CV 4566, 763 F. Supp. 3d 233, 244 (E.D.N.Y. Jan. 21, 2025) (finding $450-$650 for partners and $100-$150 for paralegals to be reasonable hourly rates in this District).

In total, Plaintiff's counsel spent at least 59.8 hours litigating this action, as reflected in the time records submitted herewith as Exhibit 3.  Plaintiff's counsel's total lodestar in this action is $23,812.50, resulting in a lodestar multiplier of just 1.3.  *See* Ex. 3.  This modest multiplier is reasonable.  *E.g.*, *Flores v. Urciuoli*, No. 19 CV 6380, 2022 U.S. Dist. LEXIS 5637, at *20 (E.D.N.Y. Jan. 10, 2022) (Kuo, J.) (approving 1.45 multiplier); *Palma v. Artola*, No. 24 CV 4415, 2025 U.S. Dist. LEXIS 251636, at *6 (E.D.N.Y. Aug. 28, 2025) (approving 2.14 multiplier and noting that "courts 'regularly award lodestar multipliers from two to six times lodestar'"); *Ramirez v. Addy Hosp. LLC*, No. 21 CV 3768, 2022 U.S. Dist. LEXIS 189131, at *13 (E.D.N.Y. Oct. 17, 2022) (approving 1.72 multiplier).

For the foregoing reasons, the parties respectfully request that the Court approve the settlement agreement and so order the stipulation of dismissal. We thank the Court for its attention to this matter.

                                              Respectfully submitted,

                                              /s/ Denise A. Schulman
                                              Denise A. Schulman

cc: All counsel (via ECF)

---

[2] Two legal assistants – Andrew Deternoz and Mariela Lini – and two administrative assistants – Andy Pichardo and Thalia Valiente – also billed time in this case.  Mr. Deternoz joined JK in March 2025.  He received his B.A. from the University of Houston in 2016 and had approximately 13 months of paralegal experience before joining JK.  Ms. Lini joined JK in January 2024.  She received her B.A. from John Jay College of Criminal Justice in 2019 and had nearly five years of experience as a legal assistant/paralegal before joining JK.  Mr. Pichardo joined JK in December 2023 after receiving his B.A. from The City College of New York earlier that year.  Ms. Valiente joined JK in October 2025.  Ms. Valiente had more than two years of legal receptionist/secretary experience before joining JK and is currently pursuing her A.A. degree.